IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION


SHEDRACH JOHN PAUL,

    Plaintiff,

vs.                                    Case No. 4:15cv377-MW/CAS

MIRNA BLANTON,
SHEDRACH JOHN PAUL,

    Defendants.

_____/


## REPORT AND RECOMMENDATION

Plaintiff, proceeding pro se, initiated this case on July 27, 2015, by filing a civil rights complaint. ECF[1] No. 1. Plaintiff was granted leave to proceed with in forma pauperis status, ECF No. 5, but it took until November 2015 for Plaintiff to pay the assess initial partial filing fee. ECF No. 20. In light of Plaintiff's belated payment, the Report and Recommendation, ECF No. 18, entered on October 20, 2015, was rejected and this case has been remanded. ECF No. 21.

---

[1] Each document filed in this case is referenced by "ECF No." (The Electronic Case File) and the document number.

As the initial partial filing fee has been paid, ECF No. 20, the complaint, ECF No. 1, may now be reviewed as is required by § 1915A. Plaintiff's complaint is insufficient as filed and no plausible claims are evident. "Ordinarily, a party must be given at least one opportunity to amend before the district court dismisses the complaint." Corsello v. Lincare, Inc., 428 F.3d 1008, 1014 (11th Cir. 2005). "A district court need not, however, allow an amendment . . . where amendment would be futile." Bryant v. Dupree, 252 F.3d 1161, 1163 (11th Cir. 2001). As explained below, amendment would be futile and therefore, dismissal is appropriate.

Plaintiff has listed two Defendants, but appears to have named himself as one of the Defendants. ECF No. 1 at 2. It is not possible for Plaintiff to sue himself and such a claim should be dismissed as frivolous. As a second Defendant, Plaintiff has named his mother, Mirna Blanton. *Id.* at 2, 6. While it may be possible in some circumstances to sue one's mother, Plaintiff cannot present a valid claim against her under § 1983 because she is not a "state actor."

"To state a claim under § 1983, a plaintiff must allege facts showing that the defendant's act or omission, done under color of state law, deprived him of a right, privilege, or immunity protected by the Constitution

or laws of the United States." Emory v. Peeler, 756 F.2d 1547, 1554 (11th Cir. 1985); Dollar v. Haralson County, 704 F.2d 1540, 1542-43 (11th Cir.), cert. denied, 464 U.S. 963, 104 S. Ct. 399, 78 L. Ed. 2d 341 (1983). In other words, Plaintiff must allege that Defendant "deprived him of a right secured by the 'Constitution and laws' of the United States" and that the Defendant did so "under color of any statute, ordinance, regulation custom, or usage of any State. . . ." Fadjo v. Coon, 633 F.2d 1172, 1174-1175 (5th Cir. 1981) (quoting Adickes v. S. H. Kress & Co., 398 U.S. 144, 150, 90 S. Ct. 1598, 1604, 26 L. Ed. 2d 142 (1970)); Lugar v. Edmondson Oil Co., 457 U.S. 922, 930, 102 S. Ct. 2744, 2750, 73 L. Ed. 2d 482 (1981); Flagg Brothers, Inc. v. Brooks, 436 U.S. 149, 155, 98 S. Ct. 1729, 1732, 56 L. Ed. 2d 185 (1978). Plaintiff has not presented any facts which reveal a plausible claim against his mother.

Moreover, Plaintiff's complaint fails to allege facts sufficient to constitute a constitution deprivation under § 1983, nor can this Court provide Plaintiff the relief he seeks. Plaintiff wants to have his record expunged, have "pending cases" dropped, and be given his freedom, among other requests. ECF No. 1 at 8. A civil rights case cannot be used to grant release or overturn a conviction. Such relief is only possible

through the filing of a habeas petition, after state court remedies are fully exhausted.

Finally, judicial notice is taken that Plaintiff is no longer at the Leon County Jail but is now in the custody of the Florida Department of Corrections.[2] Because this case is both frivolous ("based on an indisputably meritless legal theory" or "claims whose factual contentions are clearly baseless" under Neitzke v. Williams, 490 U.S. 319, 109 S. Ct. 1827, 1833, 104 L. Ed. 2d 338 (1989)), and fails to state a claim upon which relief may be granted, dismissal is appropriate under 28 U.S.C. § 1915(e)(2)(B). Such a dismissal will, however, count as a "strike" under 28 U.S.C. § 1915(g).[3] If Plaintiff receives three such dismissals while he is incarcerated, he may be precluded from filing additional civil rights cases with in forma pauperis status. As a courtesy to Plaintiff, he is advised that

---

[2] Plaintiff entered D.O.C. custody on November 10, 2015, and was given a life sentence. See www.dc.state.fl.us.

[3] That statutes provides that a prisoner may not bring a civil action in forma pauperis under 28 U.S.C. § 1915:

> if the prisoner has, on 3 or more occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

Case No. 4:15cv377-MW/CAS

he may avoid dismissal of this case under § 1915(e)(2)(B) if he were to file a notice of voluntary dismissal prior to entry of an Order that adopts this Report and Recommendation.

## RECOMMENDATION

In light of the foregoing, it is respectfully **RECOMMENDED** that this case be **DISMISSED** as frivolous and because it fails to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2), and that the Order adopting this Report and Recommendation direct the Clerk of Court to note on the docket that this cause was dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**IN CHAMBERS** at Tallahassee, Florida, on December 4, 2015.

 s/    Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed recommendation within 14 days after being served with a copy of this report and recommendation.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**